IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KURTIS LEE STEGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-08-174-C |
| ) | |
| ROBERTA HICKEY, in her individual ) | |
| and official capacities; LANE BLAIR, in ) | |
| his individual and official capacities; ) | |
| C. ANSON, Registered Nurse, in her ) | |
| individual and official capacities; ) | |
| CAPTAIN L. HOLSAPPLE, in her ) | |
| individual and official capacities; ) | |
| ANASTACIO PEREZ, in his individual ) | |
| and official capacities; M. NEWLAND, ) | |
| Safety Manager, in his individual and ) | |
| official capacities; Employees of ) | |
| Diamondback Correctional Facility; ) | |
| DIAMONDBACK CORRECTIONAL ) | |
| FACILITY; CORRECTIONS ) | |
| CORPORATION OF AMERICA, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING, IN PART, REPORT AND RECOMMENDATION**

This 42 U.S.C. § 1983 action brought by a prisoner proceeding pro se, was referred to United States Magistrate Judge Valerie K. Couch, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B).  Judge Couch entered a Report and Recommendation (R&R) on September 29, 2008, to which Plaintiff has timely objected.  The Court therefore considers the matter de novo.

Plaintiff brought the present action against Defendants after he was injured on razor wire. Plaintiff alleges the placement of the razor wire constitutes cruel and unusual punishment in violation of the Eighth Amendment, as it is placed in a manner that subjects Plaintiff and other prisoners to a dangerous condition.[1]  In the R&R, Judge Couch recommends dismissal of Plaintiff's claims against Corrections Corporation of America, Inc. ("CCA"), as Plaintiff has failed to establish that his injuries arose from a policy or custom instituted by that entity. Judge Couch recommends that Defendants Hickey, Anson, and Holsapple be dismissed, as Plaintiff has failed to state a cognizable claim against them. As for Defendants Newland,[2] Blair, and Perez, Judge Couch recommended that Plaintiff's claims against them survive as questions of fact remain regarding Plaintiff's claim against these Defendants.

In ruling on a motion to dismiss for failure to state a claim, "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (citing

---

[1] Although Plaintiff raised other claims in his Complaint, he withdrew those claims while proceeding before the Magistrate Judge. As Plaintiff does not object, the Court will adopt Judge Couch's recommendation to dismiss all claims other than the Eighth Amendment claim discussed herein. Jones v. Salt Lake County, 503 F.3d 1147, 1152 (10th Cir. 2007) ("We have adopted a 'firm waiver rule' whereby the failure to timely object to a 'magistrate's findings or recommendations waives appellate review of both factual and legal questions.'") (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)).

[2] Judge Couch noted that at the time of the R&R Defendant Newland had not yet been served. Plaintiff has now obtained proper service on this Defendant and the claims against him are addressed herein.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007), and Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007)).  In his Objection, Plaintiff argues that CCA should not be dismissed because Defendant Newland responded to him that placement of the razor wire was in conformance with "headquarters" or "Tennessee" and that these references reflect sufficient involvement of CCA to preclude its dismissal.  The Court finds that assertions raised by Plaintiff in his brief are sufficient to preclude dismissal.[3]

Plaintiff also objects to the recommended dismissal of Diamondback Correctional Facility.  According to Plaintiff, Judge Couch improperly raised Diamondback's status *sua sponte*.  The Court disagrees.  As Judge Couch noted, Diamondback has no status separate from that of CCA.  It simply is not an entity that can be sued.  Judge Couch's R&R will be adopted on this issue.

Finally, Judge Couch recommended that Plaintiff be given additional time to serve Defendant Newland.  Plaintiff has now accomplished service and Defendant Newland has filed a Motion to Dismiss.  This matter will be referred to Magistrate Judge Couch for consideration as outlined in the February 20, 2008, Order of referral.

As set forth more fully herein, the September 29, 2008, Report and Recommendation of Magistrate Judge Valerie K. Couch is adopted in part and rejected in part.  To the extent

---

[3] Although Plaintiff did not plead these facts in his Complaint, he has attached a declaration to his Objection to the R&R stating in essence that he was told the placement of the wire was at the direction of headquarters. Considering Plaintiff's pro se status, the Court finds the declaration is sufficient to preclude dismissal.  However, should Plaintiff face summary judgment on the issue, he must then come forward with evidence sufficient to satisfy the requirements of Fed. R. Civ. P. 56.

the R&R recommended dismissal of CCA, it is rejected.  Because Defendant Newland has now been served, his Motion to Dismiss is referred to Judge Couch and her recommendation that additional time for service be granted is rejected as moot.  In all other respects, the R&R is adopted.

    IT IS SO ORDERED this 20th day of January, 2009.

_____
ROBIN J. CAUTHRON
United States District Judge