IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KURTIS LEE STEGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-08-174-C |
| | ) |
| LANE BLAIR, in his individual and | ) |
| official capacities; ANASTACIO PEREZ, | ) |
| in his individual and official capacities; | ) |
| M. NEWLAND, Safety Manager, in his | ) |
| individual and official capacities; and | ) |
| CORRECTIONS CORPORATION OF | ) |
| AMERICA, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 action brought by a prisoner proceeding pro se, was referred to United States Magistrate Judge Valerie K. Couch, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Couch entered a Report and Recommendation (R&R) on February 5, 2010, to which Plaintiff has timely objected. The Court therefore considers the matter de novo.

Plaintiff brought the present action against Defendants after he was injured on razor wire. Plaintiff alleges the placement of the razor wire constitutes cruel and unusual punishment in violation of the Eighth Amendment, as it is placed in a manner that subjects Plaintiff and other prisoners to a dangerous condition. Through previous action Plaintiff's

Complaint has been pared as to claims and parties. What remains are Plaintiff's Eighth Amendment claims against Defendants CCA, Blair, Perez and Newland. In her R&R, Judge Couch recommended these Defendants' Motion for Summary Judgment be granted. In reaching this conclusion, Judge Couch determined that legitimate penalogical reasons existed for the placement of the wire and therefore Plaintiff could not show that Defendants were deliberately indifferent to his safety. Plaintiff objects, arguing Judge Couch impermissibly adopted the role of advocate by stating that placing the wire on either side of the chainlink fence would be effective in deterring inmates from climbing the fence. According to Plaintiff, no Defendant raised this argument and for Judge Couch to do so is improper.

Plaintiff's argument is without merit. Judge Couch did not advocate for Defendants or create an argument that did not previously exist. Rather, in considering Plaintiff's argument that the wire was placed on the incorrect side of the chainlink fence, Judge Couch noted that the purpose for the wire – discouraging an inmate from climbing the chainlink – was satisfied. After considering Plaintiff's arguments in his response to the summary judgment motion, his objection to the R&R and his drawing from his supplemental motion, the Court finds Judge Couch's determination well supported. Even when viewed in the light most favorable to Plaintiff, the Court holds no reasonable juror could find the placement of the wire as material. Thus, as Judge Couch recommended, Defendants are entitled to judgment.

Even were the Court to reject Judge Couch's determination about the location of the wire, Plaintiff's claims would fail. The Supreme Court has held "[A] prison official violates

the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," . . . [and] the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834, (1994)(internal citation omitted). To be sufficiently serious, there must be a denial of "the minimal civilized measure of life's necessities." Id.

As the Tenth Circuit has held: "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006). "[T]he purpose for this requirement is to limit claims to significant, as opposed to trivial, suffering." Mata v. Saiz, 427 F.3d 745, 753 (10th Cir. 2005). Consequently, we look to the alleged injury claimed by the prisoner, and ask "whether that harm is sufficiently serious." Id. Here, Plaintiff claims he suffered a 1 inch laceration to his head. It is undisputed that stitches were not required to close the wound and the only lasting impact is a scar. The Court finds this injury does not rise to the level of constituting a deprivation of Constitutional dimension.

> Although a s 1983 claim has been described as a species of tort liability, it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute. To hold otherwise would render § 1983 . . . a font of tort law to be superimposed upon whatever systems may already be administered by the States.

Norton v. Liddel, 620 F.2d 1375, 1378 (10th Cir. 1980)(internal citations and quotation marks omitted). To the extent Plaintiff has a claim, it sounds in negligence, not § 1983. Accordingly, as recommended by Judge Couch, Defendants are entitled to summary judgment.

For the reasons set forth herein, the Court ADOPTS the Report and Recommendation (Dkt. No. 86) of the Magistrate Judge and finds that Defendants' Motion for Summary Judgment (Dkt. No. 70) should be GRANTED. A separate judgment will issue.

IT IS SO ORDERED this 10th day of March, 2010.

ROBIN J. CAUTHRON
United States District Judge